# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DWAYNE CECIL WEBB, )
)
   Petitioner, )
)
v. ) Case No. CV410-083
)
CHATHAM COUNTY JAIL, )
)
   Respondent. )

## REPORT AND RECOMMENDATION

Conceding that he is currently being prosecuted in state court, Dwayne Cecil Webb petitions this Court under 28 U.S.C. § 2254 for habeas relief. Doc. 1.[1] From the face of his petition and supporting brief, it is clear that Webb is simply filing pretrial motions (e.g., seeking bail and suppression of evidence) in state court and, as a *hedge*, in this Court. *See* docs 1-1, 1-2 & 1-3; doc. 3. He evidently has decided that if he can't win relief in one court then perhaps he will fare better in the other. This

---

[1] Because he has demonstrated that he is unable to pay the filing fee, leave to proceed in forma pauperis is **GRANTED**. Doc. 2.

blatant disregard for the exhaustion doctrine[2] means that under 28 U.S.C. § 2254 Rule 4 his petition should be summarily **DISMISSED WITHOUT PREJUDICE**.

---

[2] As the Eleventh Circuit has explained:

> A critical prerequisite for any state petitioner seeking federal habeas relief is the requirement that he first properly raise the federal constitutional claim in the state courts. *See* [28 U.S.C.] § 2254(b). The exhaustion requirement springs from principles of comity, which protect the state court's role in the enforcement of federal law and prevent disruption of state court proceedings. *See Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).
>
> * * * *
>
> Thus, in order to exhaust state remedies, a petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. *See Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989) (quotation marks and citation omitted). In addition, the state court petition must make the state courts aware that the claims asserted do, in fact, raise federal constitutional issues. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir.1998). If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion. *See Rose*, 455 U.S. at 519-20, 102 S.Ct. at 1203-04.

*Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010). An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Webb, of course, has the full panoply of state court procedures to exploit, including what he is doing right now -- filing motions for relief in the *state* court, appealing from any judgment of conviction to the *state* appellate court, petitioning for *state* habeas relief in *state* court, and *then*, after exhausting all meaningful *state* court remedies, petition this Court for § 2254 relief. *See, e.g., Pope v. Rich*, 358 F.3d 852, 853-54 (11th Cir. 2004).

2

Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this __14th__ day of June, 2010.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT of GEORGIA**